■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BETHEA, Appellant. [17 NYS3d 855]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered May 12, 2011, as amended May 26, 2011, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, tampering with physical evidence and resisting arrest, and sentencing him, as a second felony drug offender, to an aggregate term of four years, unanimously affirmed.

Defendant did not preserve his challenges to the court's determination, made after its *Sandoval* ruling, that the People would be permitted to elicit otherwise precluded aspects of defendant's criminal history if he raised claims of "lack of knowledge," or that he believed he was selling imitation drugs, and we decline to review them in the interest of justice. As an alternative holding, we find that the court's warning was an appropriate exercise of discretion. The court properly found that by placing his intent or state of mind in issue, defendant would open the door to certain precluded matters (*see People v Ingram*, 71 NY2d 474, 479-480 [1988]). In any event, any error in the court's warning was harmless (*see People v Grant*, 7 NY3d 421, 424-425 [2006]). Concur—Gonzalez, P.J., Mazzarelli, Richter and Manzanet-Daniels, JJ.